IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID CARSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case. No._____ ) **JURY DEMANDED** ) |
| STATE OF TENNESSEE BUREAU OF TENNCARE, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff David Carson sues Defendant State of Tennessee Bureau of TennCare as follows:

*Parties*

1. Plaintiff David Carson (hereinafter "Plaintiff" or "Carson") is a citizen and resident of Cheatham County, Tennessee.

2. Defendant State of Tennessee Bureau of TennCare (hereinafter "Defendant" or "the Bureau") is a division of the State of Tennessee. Accordingly, service of process on the Bureau may be made on the Tennessee Attorney General and Reporter.

*Jurisdiction and Venue*

3. This cause of action alleges discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964. The Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on or about June 5, 2012. Exhibit A. Therefore, jurisdiction over this action is conferred upon this Court pursuant to federal statute codified at 42 U.S.C. § 2000e-5.

4. This cause of action also alleges discrimination based on sex in violation of the Tennessee Human Rights Act codified at Tenn. Code Ann. § 4-21-101 *et seq.* These pendent state law claims are so related to the claims over which this Court has original jurisdiction that they form the same case or controversy, so this Court has jurisdiction over the pendent state law claims pursuant to its supplemental jurisdiction codified at 28 U.S.C. § 1367.

5. Additionally, general jurisdiction is conferred upon this Court over the claims of this lawsuit under 28 U.S.C. §§ 1331 and 1343.

6. The discriminatory acts and practices complained of herein took place within this district. Accordingly, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1391.

*Facts*

7. Plaintiff is a Certified Public Accountant and Certified Fraud Examiner with over 25 years experience working with the Federal Government as a Criminal Investigator, Accountant and Auditor, primarily serving as an investigator working with the FBI, TBI and other governmental agencies, and including health care and medical coding auditing and investigation.

8. Defendant posted a job opening to the public for the position of TennCare Fraud Investigations Manager in early 2011. The position required supervision of investigators for the Bureau to assist in the Bureau's fraud detection and prevention as well as general investigatory functions as might be required by the Bureau.

9. Plaintiff was well qualified for the position of TennCare Fraud Investigations Manager.

10. Plaintiff contacted Vicki Guye, Chief Audit Executive with the Defendant, to inquire about the position, submitted his resume and scheduled an interview.

11. Plaintiff interviewed for the position of Provider Investigations Manager with Vicki Guye on April 13, 2011. Plaintiff was called back for a second interview for the position of TennCare Fraud Investigations Manager with Vicki Guy and Gene Grasser, Chief Auditor for the Bureau, on April 21, 2011.

12. Vicki Guye informed Plaintiff that he had not been selected for the position of TennCare Fraud Investigations Manager by electronic correspondence on May 2, 2011. The Bureau instead selected a less qualified female, Daphne Enfinger, for the Manager position.

13. After selecting a new manager for the Department, the Bureau opened hiring for four positions for TennCare Field Investigator.

14. Plaintiff was well qualified for the position of TennCare Field Investigator.

15. The new Manager, Daphne Enfinger, interviewed Plaintiff for the position of TennCare Field Investigator on May 25, 2011.

16. Vicki Guye informed Plaintiff that he had not been selected for the position of TennCare Field Investigator by letter dated July 5, 2011.

17. The Bureau hired four less qualified females for the positions of TennCare Field Investigator.

18. Defendant failed to hire Plaintiff for any of the positions for which he was qualified as described herein because of his sex and a preference for female applicants and employees.

*Cause of Action*

18. Defendant violated Title VII when it discriminated against him because of his sex when it hired less qualified female applicants for the positions of TennCare Fraud Investigations Manager and/or TennCare Field Investigator.

19. Plaintiff was qualified for the positions of TennCare Fraud Investigations Manager and/or TennCare Field Investigator.

20. Plaintiff applied for the positions of TennCare Fraud Investigations Manager and/or TennCare Field Investigator.

21. Plaintiff was rejected for employment in the positions of TennCare Fraud Investigations Manager and/or TennCare Field Investigator despite his qualifications.

22. Instead, Defendant hired less qualified females for the positions TennCare Fraud Investigations Manager and/or TennCare Field Investigator.

23. Plaintiff's sex was the determinative reason for Defendant's failure to hire him for the positions for which he was qualified..

24. Plaintiff has suffered damages in the form of loss of income, loss of benefits, loss of reputation and prestige, mental anguish, emotional distress and embarrassment as a result of the discrimination.

25. Accordingly, Defendant should be found liable for violations of the Title VII and the Tennessee Human Rights Act and Plaintiff is entitled to damages pursuant to said laws for back pay, front pay, loss of benefits, loss of reputation and prestige, mental anguish, emotional distress and embarrassment, and all other damages available under said laws.

WHEREFORE, Carson seeks the following relief:

1. That process issue and be served in accordance with the Federal Rules of Civil Procedure;

2. For an award of all damages to which he is entitled under Title VII of the Civil Rights Act and the Tennssee Human Rights Act, including but not limited to damages for back pay, front pay, loss of benefits, loss of reputation and prestige, mental anguish, emotional distress and embarrassment, and all other damages available under said laws;

3. That Defendant be charged with the costs of this cause;

4. For general relief.

                                              Respectfully submitted,

                                              Mark J. Downton, #20053
                                              Attorney for Plaintiff
                                              5654 Amalie Drive
                                              Nashville, Tennessee 37211
                                              (615) 275-6480

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: David W. Carson  
1014 Trent Place  
Pleasant View, TN 37146

From: Memphis District Office  
1407 Union Avenue  
Suite 901  
Memphis, TN 38104

☐ On behalf of person(s) aggrieved whose identity is  
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 25A-2011-00618 | V. Paulette Wilson, Deferral Coordinator | (901) 544-0147 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Katharine W. Kores* — JUN 0 5 2012

Enclosures(s)

Katharine W. Kores,  
Director

(Date Mailed)

cc: **BUREAU OF TENNCARE**  
Ramsey B. Leathers, Esq.  
TennCare Office of General Counsel  
310 Great Circle Road, 4th Floor East  
Nashville, TN 37228

Case 3:12-cv-00850   Document 1   Filed 08/17/12   Page 6 of 6 PageID #: 6